ORDEN RELIGIOSA DE NUESTRA SEÑORA DE LA MERCED, integrada por sus miembros MARTÍN LÓPEZ, ARMENGAL FERNÁNDEZ, FIDEL GONZÁLEZ, JOSÉ R. ORJALES, JUAN GONZÁLEZ, AGAPITO FERNÁNDEZ e ISIDORO ESCUDERO y MANUEL FERNÁNDEZ, demandantes y apelados, *v.* R. SANCHO BONET, TESORERO DE PUERTO RICO, demandado y apelante.

Núm. 8344.—*Sometido:* Diciembre 11, 1941. *Resuelto:* Febrero 12, 1942.

Hon. Procurador General George A. Malcolm y M. Rodríguez Ramos, Procurador General Auxiliar, abogados del apelante; Fernando Zapater, abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Éste es un recurso de apelación contra una sentencia de la Corte de Distrito de Mayagüez que ordenó al Tesorero de Puerto Rico devolver a la demandante $622.40 que le cobrara por concepto de contribuciones, con intereses y costas.

El tesorero apeló y señala en su alegato cuatro errores como cometidos por la corte sentenciadora al declarar sin lugar su excepción previa de falta de acción, al resolver que la Resolución Conjunta núm. 4 de julio 16, 1932 (Leyes de 1932 pág. 63), era inconstitucional, al decidir que la ley imponiendo la contribución impugnada carecía de uniformidad y al dictar sentencia.

La demandante es una institución religiosa compuesta de las personas que se nombran en la demanda, que es dueña de las siete fincas rústicas que en la misma se describen, situadas todas en el barrio de Montoso del término municipal de Maricao y todas dedicadas al cultivo de café y frutos menores.

De acuerdo con los términos de la Resolución Conjunta núm. 4, 1932, el Tesorero de Puerto Rico cobró a la demandante por contribuciones de las indicadas fincas para el ''Fondo de Seguro y Rehabilitación Cafetera,'' por los años 1932–33 a 1936–37, las cantidades que se especifican y que suman $620.40 que la demandante pagó bajo protesta en marzo 23, 1938 y cuya devolución reclama

''(1) Porque el Tesorero de Puerto Rico no tenía facultades para cobrar una contribución impuesta por una resolución conjunta, cuando lo propio era que tal contribución se impusiera mediante la

aprobación de una ley (*an act*) según lo dispone nuestra Carta Orgánica.

"(2) Porque dicha contribución no es uniforme."

Emplazado el tesorero alegó por vía de excepción previa "que la demanda, tal como está redactada, no aduce hechos suficientes para constituir una causa de acción a favor de los demandantes y en contra del demandado."

La excepción fué declarada sin lugar y el demandado pidió que se dictara sentencia, lo que en efecto hizo la corte en la forma que conocemos.

Fijados esos antecedentes, procederemos al estudio del recurso en su fondo.

¿Aduce la demanda una causa de acción? ¿Fué o no convalidada la Resolución Conjunta núm. 4, 1932, por el Congreso y, por consiguiente, es o no constitucional dicha resolución? ¿Ocurren otras circunstancias que justifiquen la orden de devolución? Veámoslo.

La repetida Resolución Conjunta núm. 4 de 1932, aprobada en julio 16, 1932, Sesión Extraordinaria de ese año, fué declarada inconstitucional por esta propia Corte Suprema el 7 de diciembre de 1936 en el caso de *Acevedo* v. *Domenech, Tes.*, 50 D.P.R. 972, en los siguientes términos:

"Vista la moción presentada por la parte apelada, en la que solicita se desestime por frívolo el recurso.

"Por Cuanto, la cuestión fundamental envuelta en este caso es la de si la Resolución Conjunta núm. 4 aprobada por la Legislatura en 16 de julio de 1932, por la que se impone una contribución de un 2 por ciento sobre el valor en tasación de cada cuerda de café que haya o se siembre en Puerto Rico, viola los preceptos de la sección 34 de la Carta Orgánica de Puerto Rico, toda vez que impone una contribución mediante una resolución conjunta y no mediante un proyecto de ley, como lo requiere la citada sección de la Carta Orgánica;

"Por Cuanto, esa misma cuestión fué considerada y resuelta por este tribunal en agosto 1, 1936, en el caso de *Valiente & Cía.* v. *Manuel V. Domenech* (ante, pág. 586) en el sentido de que la Legislatura de Puerto Rico no tiene poder para decretar una ley a no ser mediante un proyecto de ley (*bill*);

"Por lo Tanto, se desestima el recurso por presentar una cuestión que ya ha sido resuelta por este tribunal."

Esto dispondría del caso en contra del tesorero si no fuera porque sostiene que la resolución cobró fuerza y vigor al ser convalidada por el Congreso por medio de ley aprobada en junio 16, 1938 (52 Stat., c. 460, pág. 708), que dice:

"(Público—No. 641—Congreso 75º.)

"(Capítulo 460—Tercera Legislatura)

"(R. de la C. 10652)

"Ley para disponer la ratificación de todas las resoluciones conjuntas de la actual y de la anterior Asambleas Legislativas de Puerto Rico.

"Decrétase por el Senado y la Cámara de Representantes de los Estados Unidos de América, reunidos en Congreso: Que todas y cada una de las resoluciones conjuntas decretadas en cualquier fecha por la actual o por la anterior Asamblea Legislativa de Puerto Rico y aprobadas por el Gobernador, sean y por la presente quedan aprobadas, ratificadas y confirmadas en todas sus partes; y que todos los actos realizados, los contratos y cesiones hechos, celebrados, expedidos, entregados, aceptados o recibidos, incluyendo bonos, escrituras, y traspasos de propiedad mueble o inmueble, o servidumbres o derechos intangibles o incoados, y documentos y papeles de cualquier naturaleza que se hayan hecho, contribuciones cobradas y recaudación de las mismas, desembolsos de dinero y libramientos para los mismos, y todos los demás pasos, actos, sentencias, decretos, y procedimientos de cualquier clase o naturaleza, celebrados, hechos, preparados, tomados, habidos, ejecutados, expedidos, entregados o recibidos o aceptados de acuerdo o en virtud de cualquiera de dichas resoluciones conjuntas bien de la actual o de la anterior Asamblea Legislativa de Puerto Rico, sean y por la presente quedan legalizados, ratificados, confirmados y convalidados en todas sus partes, tan cabalmente, para todos sus fines y propósitos y para que tengan el mismo efecto, validez, operación y efectividad, como si originalmente todas y cada una de dichas resoluciones conjuntas hubieran sido decretadas válidamente, y aprobadas por el Gobernador, en forma de 'Leyes' de la actual y de la anterior asambleas legislativas, respectivamente, en vez de en forma de 'Resoluciones Conjuntas.' Aprobada en 16 de junio de 1938."

Partiendo de la validez de esa ley, no hay duda de que la resolución quedó en pie y pudo cobrarse la contribución que se impuso por la misma.

La cuestión a resolver, sin embargo, se complica porque la propia Legislatura de Puerto Rico en 1938 decretó la ley núm. 260 que aprobó el Gobernador en mayo 15, 1938, pág. 507, derogando la resolución, como sigue:

"Sección 1.—La Resolución Conjunta núm. 4, titulada 'Para imponer una contribución especial de un dos (2) por ciento sobre la tasación de cada cuerda de café; para la creación de un "Fondo de Seguro y Rehabilitación Cafetera"; para ordenar transferencia de cualquier sobrante existente en Tesorería y para facultar al Tesorero de Puerto Rico para contratar un empréstito con dicho fin; para autorizar la administración del fondo, y para otros fines', aprobada el 16 de julio de 1932, queda por la presente derogada.

"Sección 2.—El Tesorero de Puerto Rico cancelará todos los recibos correspondientes a la contribución creada por dicha Resolución Conjunta núm. 4 que estuvieren pendientes de cobro en la fecha de aprobación de esta ley y condonará toda la deuda de cualquier contribuyente por concepto de contribución aun en aquellos casos en que la finca haya sido adjudicada a El Pueblo de Puerto Rico.

"Sección 3.—Toda ley o parte de ley que se oponga a la presente, queda por ésta derogada.

"Sección 4.—Se declara que existe una emergencia para que esta Ley empiece a regir el primero de julio de 1938, y, por tanto, esta Ley empezará a regir el primero de julio de 1938."

La aprobación de esa ley es anterior a la del Congreso, pero el demandado insiste en que no lo es la fecha en que comenzó a regir.

La insistencia tiene una gran fuerza técnica y podría servir de base para la revocación, de no haber sido tan claro el propósito del propio legislador que impuso la contribución. Fué su intención manifiesta la de ir tan lejos como pudiera irse en la restitución. De ahí que se ordenara al tesorero de la isla que cancelara todos los recibos pendientes de cobro y condonara toda deuda de cualquier contribuyente aun en aquellos casos en que la finca hubiere sido adjudicada al Pueblo de Puerto Rico.

Sólo a los que pagaron voluntariamente no se les reconoció derecho y no puede considerarse comprendida entre ellos la institución demandante, ya que pagó bajo protesta para evitar que se le embargaran y remataran sus fincas para el cobro de la contribución.

Si esto hubiera sucedido y sus fincas se hubieran adjudicado al Pueblo, su derecho a la condonación sería evidente. ¿Cómo no serlo cuando en vez de sus fincas tiene en su poder el Pueblo su dinero entregádole para poder recurrir a los tribunales en defensa de un derecho de que realmente estaba investida cuando actuó—marzo 23, 1938?

De acuerdo, pues, con las propias disposiciones de la ley derogatoria, la devolución reclamada procede, y en su consecuencia *debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*

El Juez Asociado Sr. Snyder no intervino.